```
SO ORDERED,
SIGNED   February 24, 2021

         John W. Kolwe
         JOHN W. KOLWE
         UNITED STATES BANKRUPTCY JUDGE
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 18-11101 |
| HENDRIKUS EDWARD TON | SECTION "A" |
| DEBTOR | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION AS MODIFIED ON NOVEMBER 25, 2020 AND IMMATERIALLY MODIFIED ON FEBRUARY 6, 2021 AND DENYING MOTION TO CONVERT**

The Court held the confirmation hearing on February 9, 2021 beginning at 10:00 a.m. Central Standard Time (the "Confirmation Hearing"), and considered confirmation of the *Debtor's Second Amended Plan of Reorganization* (P-373) ("Amended Plan"), as specifically modified by the amendments filed on November 24, 2020 (P-408) ("Modified Plan"), together with the immaterial modifications filed on February 6, 2021 (P-470) (collectively referred to as the "Plan") and the Objection filed on behalf of Lynda Ton ("Plan Objection") (P-457), as well as the *Motion and Memorandum in Support of Conversion, or for Appointment of a Trustee or Examiner* ("Motion to Convert") (P-370) filed on behalf of Lynda Ton, the Debtor's objection to the Motion to Convert (P- 375), the reply to filed on behalf of Lynda Ton ("Ms. Ton") (P-377), the supplemental opposition filed on behalf of the Debtor (P-378), and the supplemental motion filed

1

on behalf of Ms. Ton (P-406).

Appearing at the Confirmation Hearing on behalf of the Debtor were Stewart F. Peck, Christopher T. Caplinger, and James W. Thurman of the law firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard. Michael H. Piper appeared at the Confirmation Hearing on behalf of Ms. Ton. Leann O. Moses appeared at the Confirmation Hearing on behalf of OCM ENGY Holdings, LLC ("OCM'). Amanda B. George appeared at the Confirmation Hearing by video for the Office of the U.S. Trustee. The Debtor and Patrick J. Gros, CPA ("Mr. Gros") were also present in Court during the Confirmation Hearing and each testified in support of confirmation of the Plan. Ms. Ton was present in Court and Mr. Rich Di Michelle also appeared by video and was prepared to testify in support of confirmation of the Plan as CEO of Palmilla Energy Management II and authorized representative of OCM.

During the Confirmation Hearing, counsel for the Debtor argued in support of confirmation of the Plan and against the Motion to Convert. In support of confirmation of the Plan, counsel for the Debtor presented the testimony of Mr. Gros and the Debtor, and sought to introduce and admit into evidence the following exhibits:

| Exhibit No. | Description |
|---|---|
| 1 | Curriculum Vitae of Patrick J. Gros, CPA |
| 2 | Liquidation Analysis (P-374-3) |
| 3 | Second Amended Disclosure Statement (P-408-1) |
| 4 | The Plan (P-408-2) |
| 5 | Immaterial Modifications to Plan (P-470) |
| 6 | Ballot Tabulation (P-466) |
| 7 | Amended Ballot Tabulation (P-471) |

| Exhibit No. | Description |
|---|---|
| 8 | Insurance Policy No. LBW694951 (Shop) |
| 9 | Insurance Policy No. 945756 (House) |
| 10 | Insurance Policy No. CPS7229415 (MS Property) |
| 11 | Progressive Insurance Proof of Insurance Card (Vehicles) |

No party objected to the introduction of the above exhibits and they were admitted into evidence by the Court. Counsel for the Debtor also requested that the Court take judicial notice of the record of the above-captioned bankruptcy case (the "Bankruptcy Case"), related adversary proceedings, and judgments on appeal, including the following:

1. *Affidavit of James W. Thurman Regarding Service of the Second Amended Disclosure Statement, Second Amended Plan of Reorganization, and Master Ballot* and the attachments thereto filed in the Bankruptcy Case on January 4, 2021 (P-433);

2. *Supplemental Affidavit of James W. Thurman Regarding Service of the Second Amended Disclosure Statement, Second Amended Plan of Reorganization, Master Ballot, and Related Order* and the attachments thereto filed in the Bankruptcy Case on January 19, 2021 (P-438);

3. *Consent Order Regarding the Debtor's First Omnibus Objection to Claim Nos. 9-12, and 15 filed on Behalf of Lynda Ton Based Upon Failure to State a Right to Payment, Duplicative Claims, Failure to Comply with Form Requirements Under F.R.B.P. 3001, and/or Failure to Demonstrate Amount or Validity of Claim(s)* entered in the Bankruptcy Case on January 27, 2021

(P-458);

4. *Order Sustaining Claim Objections* entered in the Bankruptcy Case on February 3, 2021 (P-465);

5. The *Memorandum Opinion* entered on August 14, 2019 by Judge Elizabeth W. Magner in Adversary Proceeding No. 18-01129; and

6. The *Order and Reasons* entered on June 26, 2020 by Judge Jane Triche Milazzo of the United States District Court for the Eastern District of Louisiana in Case No. 19-13889 regarding the appeal and cross-appeal of the *Judgment* entered on August 14, 2019 in Adversary Proceeding No. 18-01129.

Since no party objected to the request, the Court took judicial notice of those matters pursuant to Fed. R. Evid. 201.

Counsel for Ms. Ton cross-examined Mr. Gros and the Debtor and sought to introduce and admit into evidence certain exhibits. Counsel for the Debtor asserted objections to several of those exhibits and those objections were sustained by the Court. However, the following exhibits were admitted into evidence by the Court at the request of counsel for Ms. Ton:

| Exhibit No. | Description |
| --- | --- |
| A15 | Hank Ton's Sworn Descriptive List |
| TN | Complaint Re: Design Gallery |
| TO | Answer and Counterclaim |
| TP | Design Gallery transaction report |
| G2 pt 2 | Supplemental Affidavit of Patrick J. Gros |
| T2 | MS limited liability certificate of formation |

Upon consideration of the foregoing, and for oral reasons assigned in open court at the Confirmation Hearing, the Court confirmed the Plan.

The Court hereby issues these *Findings of Fact and Conclusions of Law* (these "Findings and Conclusions") to supplement the oral findings made in open court, in support of the proposed *Order Confirming Debtor's Second Amended Plan of Reorganization as Modified on November 24, 2020 and Immaterially Modified on February 6, 2021 and Denying Motion to Convert Case* (the "Confirmation Order"). Accordingly, the Court finds and concludes as follows:[1]

1. **Amendments and Immaterial Modifications.** The amendments and modifications to the Amended Plan were immaterial modifications within the purview of 11 U.S.C. § 1127 and applicable case law. Therefore, the votes of creditors and holders of equity interests for the Modified Plan constitute the votes of creditors and holders of equity interest for the Plan.[2]

2. **Jurisdiction.** This Court has core jurisdiction over this Bankruptcy Case pursuant to 28 U.S.C. § 157(b)(2)(L). This matter arises under the Bankruptcy Code, Title 11 of the United States Code, 11 U.S.C. §101, *et seq.*, and jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), and 28 U.S.C. §§ 151, 157(a) and (b)(1). This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should therefore be confirmed. These Findings and Conclusions are being entered under Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. **Service of Solicitation Materials and Notice.** In accordance with this Court's *Order*

---

[1] All capitalized terms which are not defined herein shall have the meaning(s) ascribed to them in the Plan.
[2] Hereinafter, the Court shall refer to the Amended Plan, as amended and immaterially modified by the Modified Plan, as the "Plan."

*(I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Form of Ballots and Notices, (III) Scheduling Certain Dates with Respect Thereto, and (IV) Granting Related Relief* ("Disclosure Statement Order") (P-423) and Bankruptcy Rule 3017(d), all appropriate pleadings and Ballots were transmitted and mailed as evidenced by the affidavits and other pleadings filed in connection with the Plan (P-433, 438, 444, and 471).

4. **Adequate Notice of Confirmation Hearing.** In accordance with Bankruptcy Rules 2002, 3018, 3019, 6006, 9007, and 9014, the Local Rules of this Court, and the Disclosure Statement, adequate notice of the time for filing objections to confirmation of the Plan and the transactions contemplated thereby and adequate notice of the Confirmation Hearing was provided to all Holders of Claims and Interests and other parties-in-interest entitled to receive such notice under the Bankruptcy Code and Bankruptcy Rules. No other or further notice of the Confirmation Hearing or confirmation of the Plan is necessary or required.

5. **Judicial Notice.** The Court takes judicial notice of the docket maintained in the Bankruptcy Case by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in the Bankruptcy Case, in related adversary proceedings, and the Order of the United States District Court for the Eastern District of Louisiana regarding an appeal and cross-appeal of a prior Judgment of this Court.

6. **Sale of Certain Assets.** Pursuant to the Plan, certain Assets of the Debtor will be offered for sale in private sales and/or through auctions each of which will be a sale

and transfer free and clear of all interests and claims pursuant to 11 U.S.C. § 363 subject to approval of this Court in certain circumstances set forth in Section 7.2(e) of the Plan.

7. **Disclosure of Payments.** All payments made or promised by the Debtor, or any person acquiring property under the Plan, for costs, services, or expenses in connection with the Bankruptcy Case or in connection with the Plan have been disclosed to the Court and are appropriate.

8. **Fair and Equitable/Best Interests.** The agreement with creditors reflected in the Plan is fair and equitable, and in the best interests of the Estate and its respective creditors.

9. **The Plan Complies with the Applicable Provisions of the Bankruptcy Code (Section 1129(a)(1)).**

    a. The Debtor is a resident of the State of Louisiana and resided within the jurisdiction of this Court for more than 180 days prior to the filing of the voluntary petition and is eligible to be a debtor under 11 U.S.C. § 109.

    b. On April 27, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

    c. The Debtor is a proper proponent of a plan pursuant to 11 U.S.C. § 1121(c) and has satisfied his burden of proof with respect to confirmation of the Plan.

    d. On December 15, 2020, the Debtor caused, *inter alia*, the Debtor's Disclosure Statement for the Plan and the Plan to be mailed to all parties required by the Disclosure Statement Order, advising them of, among other things, the time and place of the Confirmation Hearing and the procedures for objecting to, and voting for or against, the Plan. On January 12, 2021, it was discovered that this mailing had inadvertently omitted copies of the Liquidation Analysis, and the Debtor

7

caused copies of same to be served on that same date. (P-373, 423, 433, and 438)

e. All appropriate governmental units (as defined in 11 U.S.C. § 101) were given adequate notice of the Confirmation Hearing. (P-433 and 438)

f. Any party-in-interest entitled to receive notice of the Confirmation Hearing was given adequate notice of the hearing. (P-433)

g. All parties-in-interest and all governmental units (as defined in 11 U.S.C. § 101) had the opportunity to appear and be heard at the Confirmation Hearing.

h. The Plan complies with Bankruptcy Rule 3016.

10. **Proper Classification (Section 1122 and 1123(a)(1))**. Each Claim placed in a particular Class pursuant to the Plan is substantially similar to the other Claims in such Class. Valid business, legal, and factual reasons exist for the separate classification of Claims and Interests and there is no unfair discrimination or gerrymandering between or among the Holders of Claims. Accordingly, the classification of Claims and Interests under the Plan complies with 11 U.S.C. §§ 1122 and 1123(a)(1).

11. **Unimpaired Classes (Section 1123(a)(2))**. Articles V and VI of the Plan specify Classes of Claims that are not Impaired under the Plan.

12. **Treatment of Impaired Classes (Section 1123(a)(3))**. Article V of the Plan specifies the treatment of all Impaired Classes.

13. **No Discrimination (Section 1123(A)(4))**. The Plan provides for the same treatment of each Claim or Interest in a particular Class unless a Holder of a Claim or Interest therein has agreed to a less favorable treatment.

14. **Implementation of the Plan (Section 1123(a)(5))**. The Plan provides adequate means

for the Plan's implementation, as set forth in Article VII of the Plan. Specifically, Article VII of the Plan appoints the Liquidator and sets forth the powers, authority, responsibilities, and compensation of the Liquidator and specifically nominates Mr. Gros to be the Liquidator. Based upon the testimony of Mr. Gros at the Confirmation Hearing, the Court finds that Mr. Gros is well qualified to serve as the Liquidator and has considerable and relevant experience in assessing and liquidating real estate, vehicles, and other property, and performing the other duties and responsibilities of the Liquidator under the Plan.

15. **Debtor's Charter Provisions (Section 1123(a)(6)).** The requirements of 11 U.S.C. § 1123(a)(6) are inapplicable since the Debtor is not a corporation.

16. **Selection of Officers (Section 1123(a)(7)).** The Plan contains only provisions that are consistent with the interests of creditors and with public policy with respect to the appointment of officers, if any, for the Reorganized Debtor.

17. **Dedication of Net Income (Section 1123(a)(8).** The Plan proposes to pay twenty-five percent (25%) of the Debtor's Net Income, if any, for a period of five (5) years after the Effective Date, first to holders of Allowed General Unsecured Community Claims, and then, if and only if all Allowed General Unsecured Community Claims are satisfied in full, to Holders of Allowed Partition Claims and/or Allowed General Unsecured Non-community Claims, as set forth in the Plan.

18. **Executory Contracts and Unexpired Leases (Section 1123(b)(2)).** The Plan provides that all executory contracts and unexpired leases not previously rejected pursuant to 11 U.S.C. § 365, are assumed. Additionally, Section 9.6 of the Plan provides that if the rejection by the Debtor (pursuant to the Plan or otherwise) of an

executory contract or unexpired lease results in a Rejection Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtor or the Reorganized Debtor, or such entities' properties unless a proof of claim is filed with the Clerk of this Court and served upon counsel to the Debtor no later than thirty (30) days after service of the earlier of (a) notice of this Confirmation Order or (b) other notice that the executory contract or unexpired lease has been rejected.

19. **The Debtor Has Complied with the Bankruptcy Code (Section 1129(a)(2)).** The Debtor has complied with the applicable provisions of the Bankruptcy Code. The solicitation of acceptances and rejections from Holders of Impaired Claims has been in compliance with applicable provisions of the Bankruptcy Code and Rules including, without limitation, 11 U.S.C. §§ 1125 and 1126.

20. **Plan Proposed in Good Faith (Section 1129(a)(3)).** The Plan has been proposed in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan. The Plan has been proposed for valid business purposes, to satisfy substantial obligations of the Debtor, and to provide relief under Chapter 11 to the Debtor and his creditors.

21. **Payments of Costs and Expenses (Section 1129(A)(4)).** Any payment made or to be made pursuant to the Plan for services or costs and expenses incurred in or in connection with the Bankruptcy Case has been approved by, or will be subject to the approval of the Court as reasonable.

22. **Directors and Officers (Section 1129(a)(5)).** The Plan does not propose to appoint and as an individual Debtor there is no need for the appointment of any proposed

officers or directors. To the extent that 11 U.S.C. § 1129(a)(5) is applicable to the appointment of Mr. Gros as Liquidator, Mr. Gros' identity and prior affiliation with the Debtor and entities owned by the Debtor have been disclosed. Therefore, the requirements 11 U.S.C. § 1129(a)(5) have been satisfied.

23. **No Rate Change (Section 1129(a)(6))**. No rate changes are provided for in the Plan that would require governmental regulatory commission approval.

24. **Best Interests of Creditors (Section 1129(a)(7))**. With respect to each Impaired Class of Claims, each Holder of a Claim will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if the Estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan.

25. **Plan Acceptance (Section 1129(a)(8))**. Allowed Claims that are not Impaired within the meaning of 11 U.S.C. § 1124 and the Holders thereof are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f). Class 1 under the Plan is not Impaired. Classes 2, 3, 4, and 5 under the Plan are Impaired and entitled to vote and Classes 2 and 5 have each accepted the Plan.

26. **Plan Treatment of Administrative Expenses Claims and Priority Claims (Section 1129(a)(9))**. Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, Section 3.1 of the Plan provides that each Holder of a Claim of a kind specified in 11 U.S.C. §§ 507(a)(1) through 507(a)(7), on the later of the Effective Date of the Plan and the date on which such claim becomes allowed, will receive on account of such Claim cash equal to the allowed amount of such Claim. However, Section 3.2 of the Plan provides that Chapter 11 Professionals employed in

this matter and seeking payment of an Administrative Claim shall file final applications for allowances of compensation for services rendered and reimbursement of expenses, and all such Chapter 11 Professionals shall file such application for compensation no later than sixty (60) days after the Confirmation Date. Additionally, the Plan complies with 11 U.S.C. § 1129(a)(9)(C) for a Holder of a 11 U.SC. § 507(a)(8) Claim.

27. **At Least One Impaired Class Accepted the Plan (Section 1129(a)(10))**. Classes 2 and 5, each an Impaired Class under the Plan, have accepted the Plan.

28. **Feasibility (Section 1129(a)(11))**. The Plan, primarily a plan of liquidation, complies with 11 U.S.C. § 1129(a)(11). Testimony from Mr. Gros established that there is a reasonable likelihood that he will be able to liquidate assets and distribute proceeds to creditors in accordance with the Plan within the time allotted therein.

29. **United States Trustee Fees (Section 1129(a)(12))**. All fees due and payable under 28 U.S.C. § 1930 will be paid by the Debtor by the Effective Date and in accordance with Section 16.6 of the Plan.

30. **Retiree Benefits (Section 1129(a)(13))**. The Debtor does not have any obligations with respect to retiree benefits.

31. **Domestic Support Obligations (Section 1129(a)(14))**. The Debtor paid $60,523.13 to Ms. Ton at the Confirmation Hearing in full satisfaction of the amount of all previously unpaid domestic support obligation payable after the date of the filing of the petition in the Bankruptcy Case on April 27, 2018.

32. **Objection by Unsecured Claimant in Individual Case (Section 1129(a)(15))**. The value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor to be received during the five-year period beginning

on the date that the first payment is due under the Plan. The value of the tangible property to be distributed under the Plan is estimated at between $1,492,556 and $2,425,300. Ex. 5. The Debtor testified at the Confirmation Hearing that he is not currently employed, that his current income derives solely from unemployment benefits, and that he will have no regular income until he obtains employment. However, the Debtor had projected in the Disclosure Statement that his salary during this five-year period, if any, may reach a level roughly comparable to the Debtor's salary from Abe's Boat Rentals, Inc. ("Abe's") during its bankruptcy, which at its maximum grossed the Debtor $127,000 in income. Ex. 2, pp. 17, 28. Therefore, the requirements of section 1129(a)(15)(B) are met, as the value of the property to be liquidated under the Plan for distribution to creditors, $1,492,556.00 (low estimate), exceeds the projected gross income of the Debtor over five years, $635,000 ($127,000 x 5 = $635,000), assuming full, uninterrupted employment at the maximum rate projected by the Debtor, even before deducting amounts reasonably necessary for the maintenance and support of the Debtor and other items deducted from gross income in determining projected disposable income under section 1129(a)(15)(B).

33. **Transfers of Property Under the Plan (Section 1129(a)(16))**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law.

34. **Cramdown (Section 1129(b))**. The Debtor has requested confirmation of the Plan under 11 U.S.C. § 1129(b). *See* Plan, Section 16.3. In addition to all applicable requirements of subsection (a) of section 1129 having been met other than paragraph (8), the Plan is fair and equitable and does not discriminate unfairly with respect to each

class of Claims or interests that is impaired under, and has not accepted, the Plan. The Plan classifies Claims into five (5) classes based on the priority and discernable legal status of Claims under the Bankruptcy Code and applicable state law, including, but not limited to, Claims in Classes 3 and 4, the only impaired Classes that did not approve the Plan. Therefore, there is no unfair discrimination. Furthermore, the Plan is fair and equitable with respect to Classes 3 and 4 as no holder of any Claim or interest that is junior to the Claims and/or interests of such classes will receive or retain under the Plan on account of such junior Claim or interest any property other than property included in the Estate under section 1115, subject to the requirements of subsection (a)(14) of section 1129.

35. **Confirmation of One Plan (Section 1129(c))**. The Plan is the only plan proposed, therefore 11 U.S.C. § 1129(c) is inapplicable.

36. **Avoidance of Taxes (Section 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the application of section 5 of the Securities Act of 1933.

37. **Good Faith Solicitation**. Based on the record and the testimony of Mr. Gros and the Debtor at the Confirmation Hearing, the Debtor and his respective attorneys, agents, and professionals have acted in "good faith" within the meaning of 11 U.S.C. § 1125(e) and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and applicable non-bankruptcy law in connection with their respective activities related to (a) the solicitation of acceptances or rejections of the Plan and (b) their participation in the other activities in 11 U.S.C. § 1125. Votes for acceptance and rejection of the Plan were solicited in good faith and in

compliance with Bankruptcy Code 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, and all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations. Additionally, all procedures used to distribute the solicitation materials to the Holders of Claims and Interests were fair, and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and all other applicable rules and regulations. Therefore, the Debtor and his attorneys, agents, and professionals are entitled to the full protections afforded by 11 U.S.C. § 1125(e).

38. **Issuance of Security.** No securities shall be issued under the Plan.

39. **No Cause for Conversion or Appointment of Trustee.** The Court found, upon the totality of circumstances, that the evidence presented at the Confirmation Hearing did not establish cause to convert the Bankruptcy Case or to appoint a chapter 11 trustee, or that either form of relief was in the best interests of creditors and the Estate. In connection therewith, the Court specifically found, without limitation, that:

    (a) the Debtor maintains insurance coverage over relevant property of the Estate;

    (b) the Debtor disclosed the organization and existence of Magnolia Outdoors, LLC (MS) during the Bankruptcy Case, including in the Disclosure Statement;

    (c) the evidence presented at the Confirmation Hearing did not establish malintent by the Debtor to conceal assets or income from the Estate, nor that the Debtor had engaged in unauthorized insider transactions during the Bankruptcy Case.

40. **Retention of Jurisdiction.** The Court finds and concludes that it may properly retain jurisdiction over, *inter alia*, the matters set forth in Article XV of the Plan.

41. **Independent Review.** The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court, as Findings and Conclusions that supplement the Plan.

42. **Waiver of Stay.** Good cause exists for waiving and eliminating the stay of the Confirmation Order set forth in Bankruptcy Rule 3020(e). In particular, the Plan represents a fair and equitable compromise by and among major parties in interest and should be consummated as expeditiously as possible. If the stay is not waived and eliminated, the ability of the Debtor to sell Vehicles through Mr. Gros and to take other steps as may be necessary for the Plan to go effective may be lost or materially delayed.

These Findings and Conclusions constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent that any conclusions of law constitute findings of fact, they are adopted as such.

# # #

Respectfully submitted by:

LUGENBUHL, WHEATON, PECK,
   RANKIN & HUBBARD

 /s/ Christopher T. Caplinger
STEWART F. PECK (#10403),
CHRISTOPHER CAPLINGER (#25357)
JAMES W. THURMAN (#38494)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: speck@lawla.com; ccaplinger@lawla.com;
    jthurman@lawla.com